UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

    Plaintiff,

v.   Case No: 2:24-cv-370-JES-KCD

US BANK NATIONAL ASSOCIATION, as trustee for Credit Suisse First Boston CSFB 2004-11 and DELUCA LAW GROUP,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on defendant U.S. Bank's Motion to Dismiss (Doc. #16) filed on October 16, 2024, and defendant Deluca Law Group's Motion to Dismiss (Doc. #24) filed on October 28, 2024. No response has been filed to either motion and the time to respond to the motions has expired. The individual defendants were previously dismissed without prejudice for lack of timely service of process. (Doc. #23.) A Suggestion of Bankruptcy (Doc. #26) was filed on November 25, 2024, indicating that 700 Trust, By Gregory B. Myers as Trustee, filed a voluntary petition in the Northern District of Florida. The 700 Trust is not a party in this case and the Court finds that the motions to dismiss may be considered.

I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

2

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). However, the court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

## II.

The three-count Complaint was filed in federal court based on a federal question jurisdiction, citing 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (actions dealing with civil rights granted under 42 U.S.C. § 1985), 42 U.S.C. § 1983 (civil rights under color of state law) and 42 U.S.C. § 1985 (conspiracy to impede official duties, obstructing justice, intimidation, and to deprive persons of rights). Supplemental jurisdiction over state claims is asserted under 28 U.S.C. § 1367. (Doc. #1 at ¶ 8.)

The general allegations stated in the Complaint are as follows:

> 10. The real property located at 700 Gulf Shore Boulevard North, Naples, Florida 34102, is owned by Barbara Ann Kelly and Gregory B. Myers as tenants by the entireties (the "Naples Property").
>
> 11. The Naples Property is Plaintiffs exempt homestead under Article X, Section 4 of the Florida Constitution.
>
> 12. On May 10, 2022, in the case styled *US Bank National Association, as Trustee for* Credit Suisse First Boston CSFB 2005-11 *v. Barbara Ann Kelly, et al.,* Case No. 11-2009-CA-010813, pending in the Circuit Court in and for Collier County, Florida (the "State Court Litigation"), Defendant US Bank conceded in court filings that Plaintiff is not a party to, nor is he otherwise obligated on, any note or mortgage in connection with the Naples Property (i.e., "all while *not* being a party to the original loan documents") (emphasis original).
>
> 13. On or about November 14, 2016, Myers and U.S. Bank entered into a written agreement (the "Agreement").
>
> 14. On April 18, 2022, in Case No. 2:21-bk-00123 in the United States Bankruptcy Court for the Middle District of Florida (the "Myers Bankruptcy Case"), US Bank filed papers arguing the Agreement is an "agreement to settle a legal dispute" and is an enforceable contract in which "each party agrees to 'extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract'," citing *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir. 1989).
>
> 15. On July 15, 2022, US Bank stated in open court in the Myers Bankruptcy Case, "[t]his was the parties' agreement...[a]nd both sides,

4

> you know, provided consideration. **We agreed that, you know, we couldn't foreclose."** (Emphasis supplied).

(Id. at ¶¶ 10-15.) There are no facts referencing any other defendant other than U.S. Bank. Count III is the only federal claim. In Count III, plaintiff alleges a legal interest in the Property. Plaintiff further alleges that by attempting to reset a foreclosure sale of the Property in the state court litigation, "defendants" deprived plaintiff of his rights and privileges protected by the United States Constitution and federal law. Plaintiff alleges that the deprivation is "an uncompensated physical and regulatory taking of plaintiff's property and constitutes a violation of plaintiff's substantive due process rights. (Id. at ¶¶ 27-33.)

### III.

Defendants both argue that this Court lacks jurisdiction under Rooker-Feldman and the Complaint otherwise fails to state a claim. Defendant Deluca Law also argues that the Complaint is a shotgun pleading. As to the Section 1983 claim, both defendants argue that they are private entities and not state actors.

Plaintiff has the obligation to sufficiently allege both federal subject matter jurisdiction and a claim upon which relief may be granted. Before a Court may consider whether the allegations support a cause of action, the Court must first have subject matter jurisdiction. Campbell v. Air Jamaica Ltd., 760

5

F.3d 1165, 1169 (11th Cir. 2014). Based on the limited allegations and the face of the Complaint, plaintiff alleges subject matter jurisdiction based on the federal question presented.

Assuming jurisdiction, a review of the Complaint reflects general citations to federal statutes and the U.S. Constitution without sufficient facts to show there is a cause of action as to each defendant in violation of the federal claim in Count III. Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1276-77 (11th Cir. 2003) (citation omitted). To deem a private party a state actor, one of these conditions are required: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally

6

the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test")." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir.1988). "Use of the courts by private parties does not constitute an act under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) (citations omitted).

There are simply no facts alleged under which defendants could be deemed to have operated under color of state law. Therefore, the Complaint will be dismissed without prejudice and without the need to consider whether Counts I and II also state claims. Plaintiff will be provided an opportunity to amend. If the Rooker-Feldman issue of jurisdiction is raised after the amended complaint is filed, the Court will address its application as set forth in Efron v. Candelario, 110 F.4th 1229 (11th Cir. 2024).

**IV.**

The Court also notes that the Complaint is a shotgun pleading and alternatively will be dismissed for this reason. "A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or

7

which persons the claim is brought against. Barmapov v. Amuial, 986 f.3d 1321, 1324-25 (11th Cir. 2021). A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018)." Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024).

In this case, plaintiff is "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015). A liberal reading of the Complaint shows no plain statement as to the role each defendant played or how such role was under the color of state law as discussed below. There are no facts supporting how "[i]n deliberately engaging in actions, inactions, and/or omissions intended to unlawfully obtain Plaintiffs homestead property, Defendants have failed to act with the care an ordinarily prudent person in a like position would use under the same or similar circumstances, with actual malice, and/or with reckless disregard for Plaintiff's Florida homestead." (Doc. #1 at 25.)

Accordingly, it is now

**ORDERED:**

1. Defendant U.S. Bank's Motion to Dismiss (Doc. #16) and Defendant Deluca Law Group's Motion to Dismiss (Doc. #24) are **GRANTED** to the extent that plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983, and the Complaint is a shotgun pleading. The motions are otherwise denied.

2. The Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of January 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of record