```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

GREGORY B. MYERS,

     Plaintiff,

v.                                Case No: 2:24-cv-370-JES-KCD

US BANK NATIONAL
ASSOCIATION, as trustee for
Credit Suisse First Boston
CSFB 2004-11 and DELUCA LAW
GROUP,

     Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant U.S. Bank's Motion to Dismiss Amended Complaint (Doc. #30) filed on February 18, 2025. Defendant Myers filed a Response in Opposition (Doc. #38) on April 10, 2025, after the Court directed a response. (Doc. #37.) The operative pleading is the Amended Complaint (Doc. #28) filed on February 10, 2025.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro*

2

*se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). However, the court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

## II.

Gregory B. Myers (plaintiff or Myers) alleges that he and U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CFSB Mortgage-Backed Pass-Through Certificates, Series 2005-11 (defendant or US Bank #5) entered into a written agreement in Maryland requiring Myers to deposit $70,000 into the Maryland Court Registry to be credited against any claimed amounts. That court issued a resulting Consent Order. Myers alleges that on April 18, 2022, defendant filed papers in the United States Bankruptcy Court for the Middle District of Florida taking the position that the Consent Order issued in Maryland was an agreement to settle a legal dispute. Myers alleges that the following statement during a hearing is a judicial admission of a settlement agreement to release a claim: "**And this was the agreement between the parties**. This wasn't a court-imposed sanction or court-imposed requirement. The parties

3

agreed to the terms, because we gave up certain rights, the Debtor gave up certain rights, the Debtor made certain rights -- made certain promises and so did we. *** **And both sides, you know, provided consideration. We agreed that, you know, we couldn't foreclose**." (Doc. #29 at 5) (emphasis in original).

In Count I, Myers alleges a breach of contract claim, specifically a breach of the Consent Order issued in Maryland. In Count II, Myers alleges constructive fraud. In Count III, Myers alleges that defendants are considered debtor collectors, and they failed to comply with the Fair Debt Collection Practices Act (FDCPA).

**III.**

The Consent Order on Motion for Relief From Automatic Stay (Doc. #16-9) entered on November 14, 2016, in the United States Bankruptcy Court for the District of Maryland, and referenced by both plaintiff and defendant as the contract at issue, provides as follows:

1. That plaintiff's Florida state court appeal, Case 2D15-4521 (Fla. 2d DCA), could proceed;

2. That Ms. Kelly's Florida state court appeal, Case 2D15-4836 (Fla. 2d DCA), could proceed;

3. That plaintiff or Ms. Kelly are "directed to make adequate protection payments in the amount of $5,000.00 per month by depositing them into the Registry of the United States Bankruptcy Court for the District of Maryland (the "Adequate Protection Payments"), beginning on December 1, 2016, and continuing

4

    on the 1st day of each month thereafter until the Myers Appeal and the Kelly Appeal are fully resolved in favor of either U.S. Bank or Debtor Gregory B. Myers and/or Barbara Ann Kelly;

4. That the Clerk will receive the payments, deposit them into the registry, and retain them until further order, "however, that it is understood and agreed that if the Myers Appeal and the Kelly Appeal are fully resolved in favor of U.S. Bank, then in that event U.S. Bank is entitled to receive the total of the Adequate Protection Payments deposited into the Court's Registry aforesaid, with the total amount of the Adequate Protection Payments deposited into the Court's Registry aforesaid to be credited against any amount(s) claimed by U.S. Bank against Debtor Gregory B. Myers and/or Barbara Ann Kelly; and provided, however, that it is understood and agreed that if the Myers Appeal or the Kelly Appeal are decided in favor of Debtor Gregory B. Myers and/or Barbara Ann Kelly, then in that event Debtor Gregory B. Myers and/or Barbara Ann Kelly is entitled to receive the total of the Adequate Protection Payments deposited into the Court's Registry";

5. That plaintiff or Ms. Kelly is to pay all property tax on the real property for calendar year 2017 and thereafter;

6. That plaintiff or Ms. Kelly is to pay all hazard insurance premiums on the real property when due;

7. That "in the event any Adequate Protection Payments, Property Tax Payments, or Insurance Premium Payments is not timely made, then, without further order of this Court, U.S. Bank may exercise any rights it possesses as a creditor to the extent permitted under applicable non-bankruptcy law" in the foreclosure case then pending in Florida state court, but if any of the payments are not made, U.S. Bank would give notice of the default first to allow plaintiff to cure, and unless

      cured U.S. Bank could exercise its rights as a creditor in the foreclosure action;

8. That if all payments are made, U.S. Bank may not take any further action to foreclose on the real property in the state case "unless and until the Myers Appeal and the Kelly Appeal have been fully and finally resolved in favor of U.S. Bank";

9. That nothing gives U.S. Bank any greater legal rights than those conferred upon a creditor under Florida law; and

   That "nothing in this Order, or Debtor Gregory B. Myers' actions with respect to same, shall constitute or be deemed to be an admission of or waiver by either Debtor Gregory B. Myers or Barbara Ann Kelly of any fact, matter, claim, defense, or legal right which has or can be asserted or contested relative to the Myers Appeal or the Kelly Appeal or in the underlying action in the Circuit Court in and for Collier County, Florida, identified as *U.S. Bank National Association v. Barbara Ann Kelly, et al.,* Case No.: 11-2009-CA-010813; and, further, nothing in this Order, or Debtor Gregory B. Myers' actions with respect to same, shall constitute or be deemed to be a relinquishment of any fact, matter, claim, defense, or legal right possessed by Debtor Gregory B. Myers or Barbara Ann Kelly relative to the Myers Appeal or the Kelly Appeal or the underlying action in the Circuit Court in and for Collier County, Florida, identified as *U.S. Bank National Association v. Barbara Ann Kelly, et al.,* Case No.: 11-2009-CA-010813."

(Doc. #16-9 at 2-5; Doc. #38 at 17-20.)

    "The parties entered into the agreement and the Court approved the Order to allow funds to be deposited into the registry. Nothing more. The appeals are over and therefore the purpose of the Consent Order is complete and the terms fulfilled." In re Myers, No. 2:21-

BK-00123-FMD, 2023 WL 5697379, at *4 (M.D. Fla. Sept. 5, 2023), appeal dismissed, No. 23-13409, 2025 WL 1113148 (11th Cir. Apr. 15, 2025).

### IV.

Defendant U.S. Bank, N.A. as Trustee for Credit Suisse First Boston CSFB 2005-11 (US Bank #5), generally argues a lack of subject matter jurisdiction under Rooker[1]-Feldman[2]. More specifically, defendant also argues that Myers has failed to state a claim under any of the three counts.

As a preliminary matter, all three counts are alleged against "All Defendants" or "Defendants" collectively. The Court dismissed Orlando DeLuca, Natalia DeLuca, Michael V. Supple, and Shawn Taylor without prejudice for lack of service. (Doc. #23.) Counsel has appeared on behalf of the U.S. Bank entities, including Credit Suisse First Boston Mortgage Acceptance Corp., but Count I refers specifically to US Bank #5's breach while the other two counts refer only to actions by 'defendants' collectively.

### A. Rooker-Feldman

The Rooker-Feldman doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." Alvarez v. Att'y Gen. of Fla., 679 F.3d 1257, 1262

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

7

(11th Cir. 2012).  Rooker-Feldman is "narrow and—surprisingly enough—quite simple. It bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" [] The injury must be caused by the judgment itself. Period." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021) (internal citations omitted).  "It does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" Efron v. Candelario, 110 F.4th 1229, 1235 (11th Cir. 2024) (quoting Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005))).

Defendant argues that the state court foreclosure was litigated to final judgment and the Amended Complaint "calls upon this [federal] Court to reject that judgment as improperly entered." (Doc. #30 at 5.) Defendant further argues that Myers is seeking injunctive relief without explaining what he seeks to enjoin. (Id. at 6.) In response, Myers argues that the parties are not the same, and therefore the Rooker-Feldman doctrine does not apply, and that he is simply trying to enforce the terms of the Consent Order. (Doc. #38 at 7.)

The allegations in the Amended Complaint relate to the Consent

8

Order, and not the judgment rendered in state court. The Court finds that the collateral attack by Myers on peripheral matters does not bring this case within the limited scope of the Rooker-Feldman jurisdictional rule. The motion to dismiss for lack of subject matter jurisdiction is denied.

### B. Breach of Contract

The parties disagree on whether Florida or Maryland contract law applies in this case. Defendant cites to Florida law, while Myers argues that Maryland law governs the contract entered into in Maryland. Under Florida law, "[t]he elements of a breach of contract claim are (1) the existence of a contract; (2) a breach of the contract; and (3) causation of damages as a result of the breach." Cole v. Plantation Palms Homeowners Ass'n, Inc., 371 So. 3d 413, 415 n.2 (Fla. 2d DCA 2023) (collecting cases). The elements are the same under Maryland law. "In order to determine whether a legally cognizable cause of action existed, we must look to the elements of a breach of contract claim: contractual obligation, breach, and damages." SG Maryland, LLC v. PMIG 1024, LLC, 264 Md. App. 245, 260, 329 A.3d 373, 381–82 (2024). The parties have not identified any material differences in the contract law of Florida and Maryland as impacts this case.

Count I alleges that there is a contract, Myers "fully performed" under its terms, defendant US Bank #5 breached the terms, and Myers was "denied the benefit of his bargain." There

9

are no facts alleged as to how defendant breached the agreement, what role the remaining defendants played in the Consent Order, or how the alleged breach caused damage. Count I is simply a bare-bones conclusory recitation of the elements for a breach which does not state a cause of action.

In his response, Myers provides the factual basis for the breach of contract: "Mortgage Acceptance Corp. breached the contract, without limitation, by failing to credit the $70,000 in entireties funds "against any amount(s) claimed by U.S. Bank against [Mr. Myers] and/or [Ms. Kelly]." Mortgage Acceptance Corp. further breached the contract when it 'agreed that, you know, we couldn't foreclose' on the Naples Property, yet Mortgage Acceptance Corp. continues to pursue foreclosure of the Naples Property." (Doc. 38 at 6.) But none of these statements or allegations are included in the Amended Complaint. The motion to dismiss for failure to state a plausible claim is granted.

Even if these facts were included in the Amended Complaint, they would contradict the face of the Consent Order. The Consent Order provides that "U.S. Bank may not take any further action to foreclose on the real property in the state case 'unless and until the Myers Appeal and the Kelly Appeal have been fully and finally resolved in favor of U.S. Bank.'" It is undisputed that this condition precedent occurred, allowing US Bank #5 to proceed. There is nothing in the Consent Order to indicate that it is a

10

settlement to prohibit foreclosure altogether.

### C. Constructive Fraud

Defendant also argues that the allegations of constructive fraud are insufficient. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Florida law,[3] constructive fraud occurs "when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken. The term 'fiduciary or confidential relation' is a very broad one. A fiduciary or confidential relationship exists where confidence is reposed by one party and a trust is accepted by the other, or where confidence has been acquired and abused. To state a claim for breach of a fiduciary or confidential relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005) (internal quotations marks and citations omitted).

---

[3] "Florida utilizes the 'most significant relationship' test to determine which state's laws applies to tort claims." Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1301 (11th Cir. 2003).

11

Maryland law is substantially similar where "[a] key element in this definition is the breach of a legal or equitable duty." Scheve v. McPherson, 44 Md. App. 398, 406, 408 A.2d 1071, 1076 (1979). "To plead a cause of action for constructive fraud, the person who alleges to have been defrauded must demonstrate the existence of a confidential relationship." Carver v. RBS Citizens, N.A., No. 1418, Sept. term, 2017, 2019 WL 4733437, at *3 (Md. Ct. Spec. App. Sept. 27, 2019). Constructive fraud is the "breach of a legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." Fotopoulos v. Bank of Am. N.A., No. 19-CV-02178-JMC, 2020 WL 607008, at *5 (D. Md. Feb. 7, 2020) (citation omitted).

In the Amended Complaint, Myers alleges that defendants took deliberate actions, inactions, and/or omissions, including resetting the foreclosure sale of the property located at 700 Gulf Shore Boulevard North, Naples, Florida. Myers alleges that defendants did so to unlawfully obtain plaintiff's homestead property. Again however, there are no factual allegations of the actions, inactions, or omissions which constitute fraud, and no hint of a confidential or fiduciary relationship.

Defendant argues that Myers fails to plead fraud with particularity, "or any fraud at all." (Doc. #30 at 9.) In his

response, Myers states the following facts, none of which are alleged in the Amended Complaint:

> On November 14, 2016, when the Consent Order was entered, Mr. Myers and Mortgage Acceptance Corp. had an express fiduciary relationship as Mr. Myers was a "debtor-in-possession" and Mortgage Acceptance Corp. had filed a proof-of-claim (Claim 12) under penalty of perjury.[]
>
> Mortgage Acceptance Corp. represented that the "basis" of its secured claim (Claim 12) was a "recorded mortgage" on the Naples Property, however, Mortgage Acceptance Corp. was not and is not a party to any "recorded mortgage" on the Naples Property.
>
> Mortgage Acceptance Corp. further asserted that Mr. Myers "executed the Mortgage" when, in fact, US Bank has **conceded** in court filings that Mr. Myers is **not** a party to either the note or the mortgage at issue in the foreclosure action (i.e., referring to Mr. Myers and stating "all while *not* being a party to the original loan documents"). Thus, as a matter of law, Mr. Myers has no liability to Mortgage Acceptance Corp. or U.S. Bank under "the original loan documents."
>
> Mortgage Acceptance Corp. breached the express fiduciary relationship with Mr. Myers by filing a fraudulent proof-of-claim (Claim 12) in the Maryland Bankruptcy Case, providing false and misleading information to Mr. Myers which Mr. Myers relied on in entering into the Consent Order (settlement agreement), and that reliance has resulted in injury to Mr. Myers.

(Doc. #38 at 7-8) (emphasis in original).

Even if these facts had been included in the Amended Complaint, the fact that Myers was not on the loan documents does not alter the content of the Consent Order because both Myers and Kelly had an interest in the property. The Consent Order did not

13

create a confidential or fiduciary duty, and no plausible claim for constructive fraud is possible. The motion to dismiss the constructive fraud count is granted.

Defendant also argues that litigation immunity applies to any statements made during the foreclosure action, thus precluding Myers' primary factual basis for his claims. (Doc. #30 at 10.)

> Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings. The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 607–08 (Fla. 1994). In Levin, the Florida Supreme Court explained the scope and rationale of the privilege:
>
>> [A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

14

> 639 So. 2d at 608. Because we are *Erie*-bound to apply Florida law in evaluating the plaintiffs' supplemental state-law claims, Florida's litigation privilege applies to the state-law claims adjudicated in federal court.

<u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1274-75 (11th Cir. 2004). Even if defendant is correct, a point the Court need not decide to resolve this motion to dismiss, Myers has failed to state a claim in the Amended Complaint.

### D. FDCPA Claim

"In order to prevail on an FDCPA claim, a plaintiff must plead and prove three elements. First, the plaintiff must have been the object of a collection activity arising from consumer debt. [] Second, the defendant must be a debt collector as defined by the FDCPA. [] Third, the defendant must have engaged in an act or omission prohibited by the FDCPA." <u>Erickson v. Gen. Elec. Co.</u>, 854 F. Supp. 2d 1178, 1182 (M.D. Fla. 2012) (internal citations omitted).

A 'consumer' is any person obligated or alleged to be obligated to pay "any debt", meaning "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(3), (5). "The term 'debt collector' means any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

In the Amended Complaint, Myers alleges that defendants are debt collectors under the FDCPA and have failed to comply with the Act causing damage. There are no factual allegations as to how defendants failed to comply. Again, Myers alleges the following facts only in his Response: "Mortgage Acceptance Corp. has failed to comply with the requirements of the FDCPA by filing false documents in court claiming that Mr. Myers "executed the Mortgage" for the Naples Property and by misrepresenting the nature of the debt and the amount owed, including without limitation, by having failed to credit the $70,000 in entireties funds "against any amount(s) claimed by U.S. Bank against [Mr. Myers] and/or [Ms. Kelly]." Moreover, Mortgage Acceptance Corp. has never withdrawn its fraudulent secured proof of claim (Claim 12) which continues to effect Mr. Myers's credit." (Doc. #38 at 8-9.) Even if these allegations are considered, Myers fails to state a plausible claim

16

in the Amended Complaint.

Defendant denies that it is a debt collector and argues that it is simply the creditor of Kelly. Alternatively, even if defendant was a debt collector, defendant argues that the FDCPA does not apply to a judgment of foreclosure, and any alleged violation is barred because the action must have been brought within one year of the judgment. (Doc. #30 at 10-11.)

"An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "[T]he statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." Rotkiske v. Klemm, 589 U.S. 8, 10 (2019). If the alleged violation is the 2016 Consent Order, the statute of limitations began to run when it was issued. Therefore, any claim under the FDCPA is clearly untimely and the motion to dismiss must be granted with prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant U.S. Bank's Motion to Dismiss Amended Complaint (Doc. #30) is **GRANTED** and the Amended Complaint is **dismissed** for failure to state a claim. Because plaintiff

17

Case 2:24-cv-00370-JES-KCD   Document 39   Filed 07/02/25   Page 18 of 18 PageID 526

was given a prior opportunity to file an amended pleading and given that plaintiff cannot state a plausible claim under any of the counts, the dismissal is with prejudice.[4]

2. The Clerk shall enter judgment dismissing the Amended Complaint with prejudice, terminate all deadlines and motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this  2nd  day of July 2025.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[4] "A district court must permit a plaintiff at least one opportunity to amend before dismissing with prejudice if a more carefully drafted complaint might state a claim. [] However, a district court need not grant leave to amend where: (1) there is undue delay, bad faith, dilatory motive, or repeated failure to fix deficiencies; (2) permitting amendment would cause the opposing party undue prejudice; or (3) amendment would be futile." Env't Prot. Comm'n of Hillsborough Cnty., Fla. v. Mercedes Benz USA, LLC, No. 22-13321, 2023 WL 4678978, at *3 (11th Cir. July 21, 2023). The Court finds that any amendment would be futile.